**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Andres Ruiz, | ) |
| | ) CV- 06-263-TUC-DCB (BPV) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| Linda S. McMahon, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Pending before this Court is the Report and Recommendation of Magistrate Judge Velasco, Plaintiff's Objections, and Defendant's Response to Objections. For the reasons set forth below, this Court adopts the Report and Recommendation (RR), affirms the decision of the Administrative Law Judge (ALJ), denies Plaintiff's Motion for Summary Judgment, and grants Defendant's Cross-Motion for Summary Judgment.

**INTRODUCTION**

In February 1996, Plaintiff was a young man when he filed an application to receive social security disability insurance benefits and/or supplemental security income for cirrhosis of the liver, as well as the residual effects of cocaine and heroin dependence. (Tr. 57, 58.) After being denied benefits based on his first application by the Social Security Administration (SSA), Plaintiff sought a hearing before an ALJ. In August 1997, the first decision of the ALJ was, as follows:

> 1. The claimant met the disability insured statue requirements of the Act on January 10, 1996, the date the claimant stated he became unable to work, and continued to meet them through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since his alleged onset date, determined to be January 10, 1996.
>
> 3. The claimant's impairments which are considered to be severe within the meaning of the SSA and Regulations are: mild chronic liver disease secondary to cirrhosis and Hepatitis C; and polysubstance abuse in remission by history. He does not have an impairment or combination of impairments listed in or medically equal to one listed in 20 CFR 404, Subpart P, Appendex 1.
>
> 4. The evidence establishes that the claimant's use of alcohol and drugs is not a contributing factor material to a determination of whether the claimant is disabled.
>
> 5. Although the claimant has underlying medically determinable impairments that could reasonably cause the symptoms that he has alleged, the claimant's allegations as to his subjective symptoms and associated limitations are not fully credible for the reasons described more fully above.
>
> 6. The claimant has the residual functional capacity to perform medium work-related activities.
>
> 7. The claimant's past relevant work as a desk clerk did not require the performance of work-related activities precluded by the above limitations.
>
> 8. The claimant's impairments do not prevent the claimant from performing his past relevant work as a desk clerk.
>
> 9. The claimant was not under a disability as defined in the SSA, at any time through the date of the decision.

(Tr. 18.)

Plaintiff filed a Complaint, CV-99-604-TUC-RCC(BPV), in federal court from the first ALJ decision, which resulted in a remand to the ALJ for further proceedings.

In January 2006, a second decision of the ALJ found no disability during the period from January 1996 to August 1997. The ALJ again found

that claimant could perform medium work and could return to past relevant work as a desk clerk during this period. (Tr. 260.)  Again, the ALJ found the Plaintiff not entitled to a period of disability and not eligible for supplemental security income during this time period only.

In August 1997, the SSA found Plaintiff disabled as of August 1997 and awarded benefits from that time. (Tr. 256.) The Appeals Council affirmed this determination that the claimant was disabled as of August 21, 1997. The second decision from the ALJ and this pending action address solely the period from January 1996 through August 1997.

Plaintiff filed the current Complaint in federal court from the unfavorable decision addressing Plaintiff's disability from January 1996 through August 1997.  After a review of the record and the motions, the Magistrate Judge recommends that the District Court affirm the decision of the ALJ.  Plaintiff's objections are as follows: (1) the ALJ failed to provide a legitimate reason for not finding Plaintiff fully credible; (2) the ALJ improperly rejected or discounted the opinions of Plaintiff's treating physicians; and, (3) the ALJ improperly adopted the opinion of a nonexamining physician.

**STANDARD OF REVIEW**

As a court of review, this Court must uphold the decision of the ALJ if it is free of legal error and is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001). The phrase "substantial evidence" means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In order to determine whether the ALJ's decision is supported by substantial evidence, this Court must "review

the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." *Id.*

Where the evidence on record is "susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Thus, it is the responsibility of the ALJ to determine credibility, resolve conflicts in medical testimony, and resolve ambiguities. *Andrews supra*.

**DISCUSSION**

**A.     The ALJ Properly Discounted Plaintiff's Testimony.**

Plaintiff argues that the ALJ improperly rejected or discounted Plaintiff's testimony in making its determination. Specifically, Plaintiff argues that the ALJ improperly rejected Plaintiff's subjective allegations of pain.

The ALJ may not reject a claimant's subjective pain complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, while a lack of objective medical evidence may not be the sole basis for rejecting a claimant's subjective pain complaints, "medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Id.* The ALJ may also consider the credibility of the claimant's testimony. *Id.* If the ALJ finds a claimant's pain testimony not credible, the ALJ must make specific findings to allow a reviewing court to determine that the ALJ properly rejected the claimant's subjective pain testimony. *Id.* Absent affirmative evidence of malingering, the ALJ must provide clear and

convincing reasons for rejecting the claimant's subjective pain testimony. *Id.*

The ALJ may consider "at least" the following factors when weighing the credibility of a claimant's subjective pain testimony: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between the claimant's testimony and conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties regarding the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-959. The ALJ may also consider these factors: (1) the claimant's unexplained or insufficiently explained failure to seek treatment or to follow through on a prescribed course of treatment; (2) precipitating and aggravating factors regarding the claimant's pain; (3) the type, dosage, effectiveness, and adverse side effects of pain medications; (4) treatment, other than medication, for relief of the claimant's pain; and (5) the claimant's functional restrictions. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The Report and Recommendation properly pointed out that the "ALJ specifically noticed the inconsistency between Plaintiff's reported pain symptoms and lack of objective evidence to support his allegations." (RR at 22.)  Dr. Morales noted that Plaintiff's complaints of significant pain were unusual for his medical condition.  (Tr. 234.)

The cumulative objective medical evidence, in conjunction with the lack of credibility of Plaintiff's pain complaints, sufficiently support the ALJ's decision that Plaintiff was not as disabled as alleged during the time period between January 1, 1996 and August 20, 1997. Even if the evidence on record is "susceptible to more than one rational

5

interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954. Therefore, the ALJ properly discounted Plaintiff's subjective pain testimony.

**B.     The ALJ Properly Discounted The Opinions Of Plaintiff's Treating Physician.**

Generally, the opinion of a treating physician is afforded the greatest weight in disability cases. *Tonapetyan*, 242 F.3d at 1148. However, the opinion of a treating physician is not binding upon the ALJ "with respect to the existence of an impairment or the ultimate determination of disability." *Id.* When a conflict exists between the opinions of a treating physician and an examining physician, the ALJ may disregard the treating physician's opinion only if the ALJ sets forth specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* The ALJ may meet this burden by setting forth a "detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Thomas*, 278 F.3d at 957 (internal quotations omitted).

Again, the Report and Recommendation properly addressed the ALJ's conclusions.  "The ALJ rejected the evidence consisting of the two treatment notes, dated November 1996 and December 1997, from Dr. McClelland submitted after the May 1997 hearing." (RR at 19.)  Neither Dr. McClelland nor Dr. Morales provided clinical or objective support for their conclusions. (RR at 20.)  Further, neither doctor's reports showed how Plaintiff's symptoms or medical condition translated into specific functional deficits which would limit his ability to work.  (RR at 21.) The sparsity of the medical evidence supporting the treating physician's

6

opinions is one fact that prompted a remand in the first instance to allow Plaintiff to complete the record before the SSA.

The ALJ is not required to accept a treating physician's opinion if that opinion is conclusory, brief, and unsupported by clinical findings. *Tonapetyan*, 242 F.3d at 1149. In short, the ALJ did not err in discounting the opinions of the treating physicians and the ALJ's decision is supported by substantial evidence.

**C.  The ALJ Properly Adopted the Opinion of a Nonexamining Physician**

Plaintiff claims that the Report and Recommendation relies heavily on an admission that Plaintiff was abusing his medication in a one line comment in an exam conducted by the social security examiner.

In fact, Plaintiff admitted that he did abuse morphine medication regularly. (Tr. 160.) "The ALJ concluded that although Dr. Morales noted that Plaintiff was using large doses of morphine, the doctor apparently was unaware that Plaintiff was abusing morphine which provided a reason, other than pain, for the large doses." (Tr. 259.)

The ALJ properly considered the non-examining physician's opinions. When evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 601 (9th Cir. 1999). In light of the incomplete medical record during the period between January 1996 and August 1997, the ALJ properly considered what evidence there was and decided against a finding of disability for that time period.

### CONCLUSION

The Court performed a de novo review of the record. For the foregoing reasons, the ALJ did not err in discrediting Plaintiff's subjective pain testimony, discounting treating physicians' opinions, and

7

relying on a nonexamining physician, under the circumstances of this case from January 1996 through August 1997.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Velasco (Doc. No. 16) is **ADOPTED.**

**IT IS FURTHER ORDERED** that the final decision of the SSA is **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment (Doc. No. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of this Court shall enter judgment accordingly.

DATED this 2nd day of April, 2007.

David C. Bury
United States District Judge